UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILSON EARL LOVE, | Case No. 2:21-cv-01217-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | **and** |
| | **REPORT AND RECOMMEDANTION** |
| THE LVMPD, | Re:  Plaintiff's Complaint (ECF No. 4-1) |
| Defendant. | |

Plaintiff is *pro se* in this action and requests to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 3.  Plaintiff also files a Motion to Amend his Complaint and an Amended Complaint. ECF Nos. 4, 4-1.  This is Plaintiff's second complaint based on identical facts although on this occasion Plaintiff names the Las Vegas Metropolitan Police Department ("LVMPD") as the only defendant.

I.    *IN FORMA PAUPERIS* APPLICATION

Plaintiff submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  ECF No. 3.  Thus, Plaintiff's request to proceed *in forma pauperis* is granted.

II.    SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it

1

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (internal citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Motion to Amend is granted as Plaintiff's filing followed the instructions provided by the Court in its Advisory Letter. ECF No. 2. Applying the screening standards to Plaintiff's Amended Complaint, the Court finds Plaintiff fails to allege sufficient facts upon which to evaluate his claims. As Plaintiff pleaded in his prior action (2:20-cv-2095-KJD-EJY), Plaintiff again alleges violations of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983. ECF No. 4-1 at 1. However, Plaintiff's Complaint is devoid of any description to support the alleged offenses other than to state that he suffered a "total miscarriage [of] justice" by virtue of an unreasonable search and seizure. ECF No. 4-1 at 1 (internal alterations omitted). Even construing all allegations of material fact as true and in the light most favorable to Plaintiff (*Wyler Summit P'ship*, 135 F.3d at 661), Plaintiff's conclusory statements are insufficient to state claims for relief that are plausible on their face.

Further, and more importantly, dismissal of this action is appropriate because the sole Defendant named by Plaintiff is immune from suit based on its alleged responsibility for the actions of individual officers. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 693–94 (1978). To bring a claim for the deprivation of a constitutional right by a local governmental entity, such as the LVMPD, Plaintiff "must establish: (1) that he possessed a constitutional right of

which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the [P]laintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)). "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997) (citing *City of Canton, Ohio*, 89 U.S. at 388–89). "A showing of simple or even heightened negligence will not suffice." *Brown*, 520 U.S. at 407.

Plaintiff's claim is also likely futile because the statute of limitations for a Fourth Amendment violation is two years (based on the State of Nevada's two year limitation on personal injury suit). *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); NRS 11.190(4)(e). Plaintiff states he was arrested in May 1996, approximately twenty-five (25) years ago. While the statute does not begin to run until the Plaintiff is detained pursuant to legal process (*Wallace v. Kato*, 549 U.S. 384, 393 (2007), it is difficult to imagine that Plaintiff's detention from a 1996 arrest would have occurred less than two years ago.

**III.   ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (ECF No. 4) is GRANTED.

1

**IV.     RECOMMENDATION**

2          IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 4-1)

3   against Defendant the Las Vegas Metropolitan Police Department be DISMISSED with prejudice as

4   amendment would be futile.

5          DATED this 30th day of July, 2021.

6

7                                          _____

8                                          ELAYNA J. YOUCHAH
                                           UNITED STATES MAGISTRATE JUDGE
9

10

11                                          **NOTICE**

12         Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

13  in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

14  held that the courts of appeal may determine that an appeal has been waived due to the failure to file

15  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

16  held that (1) failure to file objections within the specified time and (2) failure to properly address

17  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

18  factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

19  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

20

21

22

23

24

25

26

27

28