UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILSON EARL LOVE,<br><br>           Plaintiff,<br><br>    v.<br><br>THE LVMPD,<br><br>           Defendants. | Case No. 2:21-cv-01217-RFB-EJY<br><br>**ORDER** |

Before the Court are two motions. First, the Court considers Plaintiff's Motion for Reconsideration (ECF No. 9) relating to the Court's July 30, 2021 Order adopting the Report and Recommendation of the Magistrate Judge and dismissing the case without prejudice. Second, the Court considers Plaintiff's Motion to Disregard his earlier Motion to Amend his Complaint (ECF No. 10).

For the reasons stated below, the Court denies Plaintiff's Motion to Reconsider. The Court also finds that it has already granted Plaintiff's Motion to Amend his Complaint (ECF No. 5) and that Plaintiff's Motion to Disregard his earlier Motion to Amend is moot as this matter has been dismissed.

### I.     Procedural History

Plaintiff appeared *pro se* and commenced this case by submitting case initiating documents,

including his Complaint, on June 28, 2021. ECF No. 1-1. No application to proceed In Forma Pauperis (IFP) or filing fee was received. ECF No. 2. On June 29, 2021, the Court sent an advisory letter to Plaintiff, informing him of these issues. ECF No. 3. On July 29, 2021, Plaintiff filed an IFP application and a motion to amend his complaint. ECF No. 3-4. On July 30, 2021, the Magistrate Judge granted Plaintiff's motions and submitted a Report and Recommendation that this Court dismiss the Amended Complaint with prejudice. ECF No. 5. On August 10, 2021, Plaintiff moved to withdraw his Complaint. On August 19, 2021, the Court adopted the Report and Recommendation of the Magistrate Court Judge in large part but dismissed the case without prejudice. ECF No. 7. On September 1, 2021, Plaintiff filed the instant Motion for Reconsideration. ECF No. 9. On September 9, 2021, Plaintiff filed the instant Motion to Disregard his earlier Motion to Amend his Complaint. ECF No. 10.

## II.     Legal Standard

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

## III.    Discussion

The Court liberally reads Plaintiff's motion for reconsideration to acknowledge that Plaintiff was unaware that he could object to the Magistrate Judge's Report and Recommendation and that he seeks to do so by way of the Motion to Reconsider. See Borzeka v. Heckler, 739 F.2d

444, 447 n. 2 (9th Cir. 1984) (noting that courts must be more solicitous of the rights of *pro se* litigants who do understandably struggle to strictly conform with the rules of procedure). The Magistrate Judge, in screening the complaint along with Plaintiff's IFP application, recommended that this Court dismiss this case with prejudice for three main reasons.

First, the amended complaint contained only one descriptive presentation of Plaintiff's claims: that he suffered a "total miscarriage of justice" when Defendant subjected him to unlawful search and seizure. This is an insufficient pleading under any standard.

Second, Plaintiff sued one defendant, "The LMVPD." As the sole defendant in the action is immune from suit based on its responsibility for the actions of individual officers, see Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 693–94 (1978), the complaint must be dismissed.

Third, Plaintiff stated that the underlying unlawful arrest occurred in May 1996, nearly 25 years prior to the filing of his amended complaint. Thus, Plaintiff's claim was also likely futile because the statute of limitations for a Fourth Amendment violation is two years (based on the State of Nevada's two-year limitation on personal injury suit). Owens v. Okure, 488 U.S. 235, 249–250 (1989); NRS 11.190(4)(e).

This Court's Order adopted the report and recommendation of the Magistrate Judge in large part. The Court decided, however, to dismiss the complaint without prejudice. Because Plaintiff proceeds *pro se*, he may have omitted important details and incidents, names of individuals he seeks to sue, and other relevant pieces of information. The Court finds no reason to disturb its ruling that while Plaintiff's current complaint is dismissed, he may raise his claims once again by filing a complaint in a new civil action, if he so chooses.

. . .

. . .

. . .

. . .

. . .

. . .

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 9) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disregard his earlier Motion to Amend his Complaint (ECF No. 10) is DENIED as moot.

**DATED:** September 27, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**